NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2013[*]
Decided June 26, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2428

| | |
|---|---|
| RONALD Q. TERRY,<br>*Petitioner-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-C-0789 |
| UNITED STATES OF AMERICA,<br>*Respondent-Appellee.* | Charles N. Clevert, Jr.,<br>*Judge.* |

**O R D E R**

Ronald Terry, a federal prisoner serving a 260-month sentence for drug and firearm convictions, appeals the district court's denial of a motion to vacate his sentence under 28 U.S.C. § 2255. In his motion, and on the issue on which the district court granted a certificate of appealability, he argues that trial counsel was constitutionally ineffective. Specifically, Terry argues, counsel should have more vigorously cross-examined a government witness during the second of two hearings on a motion to suppress

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

wiretapped phone calls. The denial of that motion to suppress led Terry to plead guilty. Because counsel's cross-examination was reasonable, we affirm the judgment.

In affirming Terry's conviction in *United States v. Terry*, 572 F.3d 430 (7th Cir. 2009), we described the facts, and we summarize those relevant here. Investigators obtained the phone number, and then the calling records, of a codefendant, Mark Cubie. Those records established probable cause to wiretap Cubie's phone, and the interceptions from that wiretap enabled a grand jury to indict Terry. The key issue at the suppression hearings was whether investigators obtained Cubie's phone number illegally, thus tainting the eventual wiretap. At the first hearing Daniel Thompson of the Milwaukee Police Department testified how the government lawfully obtained Cubie's phone number. Defense counsel responded by attacking Thompson's credibility. Over the course of two hearings, counsel managed to get Thompson to admit various mistakes in his testimony and in his record-keeping during the investigation. The district court, however, found that Thompson's mistakes were made in good faith and did not undermine the legality of obtaining Cubie's phone number or the wiretap. On direct appeal we declined to disturb the district court's credibility finding or its conclusion that the wiretap was lawful. *Id*. at 435. This appeal concerns only two of Thompson's mistakes, which Terry argues that constitutionally effective counsel would have probed further.

The first mistake was an incorrect date on a report of calls to and from Cubie's phone. Thompson explained at the initial hearing that he had prepared a report listing all incoming and outgoing calls for Cubie's phone. Terry's counsel sought to prove that investigators possessed this call data before receiving judicial approval on April 12 at 3:04 p.m. to gather this data on Cubie's phone. While cross-examining Thompson, counsel pointed out that the report contained two conflicting time stamps. The first stamp, April 11 at 4:00 p.m., appears on the report's first page and was entered manually by Thompson. The second stamp, April 12 at 3:18 p.m., is located on the report's second page and was automatically generated by a computer program. Counsel suggested that, because Thompson apparently started the report on April 11, the government had access to the data a day before receiving authorization. Thompson testified that he had simply made a mistake by manually entering the wrong date.

The second mistake precedes the report and concerns how Thompson learned of Cubie's phone number. Thompson testified at the first hearing that he obtained Cubie's phone number from call data that he obtained from an agent who had been monitoring Terry's phone. Skeptical of this testimony, at the end of the hearing Terry's counsel requested proof that the government had been monitoring Terry's phone legally before April 12. The government was unable to locate the proof after the hearing and moved to reopen to explain why. At the second hearing Thompson conceded that no order

authorizing the collection of data from Terry's phones was issued until May and no record of Terry's phone calls existed until then. To explain how, then, he obtained Cubie's number, he testified that a confidential informant's call to a phone number that Cubie previously used, and the lawful phone monitoring of another co-defendant, led him to Cubie's current phone number.

In his § 2255 motion Terry argues that at the second hearing counsel provided ineffective assistance in violation of the Sixth Amendment. First, Terry contends, counsel should have further questioned Thompson about the computerized time stamp on his report of Cubie's call data. Second, Terry maintains, counsel needed to question Thompson about the agent who supposedly gave Thompson Terry's call data before the agent had received authorization to monitor Terry's calls. The district court denied the motion, reasoning that there would have been no point in retreading this already-covered ground.

We agree with the district court that counsel reasonably did not probe further into issues that counsel had already explored. An attorney's performance is ineffective only if it was objectively unreasonable, *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Monroe v. Davis,* 712 F.3d 1106, 1116 (7th Cir. 2013), and deciding what questions to ask a prosecution witness on cross-examination is a matter of strategy that courts are especially reluctant to second-guess. *See United States v. Jackson,* 546 F.3d 801, 814 (7th Cir. 2007); *United States v. Hirschberg,* 988 F.2d 1509, 1513 (7th Cir. 1993); *United States v. Smith,* 62 F.3d 1073, 1078 (8th Cir. 1995).

In making his first argument that counsel should have probed more into the computerized time stamp, Terry emphasizes that the court order authorizing investigators to obtain Cubie's phone records was time-stamped only 14 minutes before Thompson's report summarizing the records was time-stamped. Therefore, Terry concludes, counsel should have asked Thompson how he completed in only 14 minutes a report that summarized in detail the data regarding eight different phones. But this argument wrongly assumes that the computerized time stamp on Thompson's report refers to its *completion* date. In fact Thompson testified at the hearing that the time stamp refers to the report's *origination* date, and that he left the report open until receiving all the call data. Thompon's second argument—that counsel should have asked Thompson to identify the agent who provided Terry's call data—is also meritless. At the second hearing, where Thompson recanted his testimony about the agent, he explained that he did not use call data from the agent to identify Cubie's phone. The name of the agent thus became both irrelevant and unnecessary to probe.

**AFFIRMED**